IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DUVAL JONES, #189 486                   *

    Petitioner,                         *

    v.                                  *      2:06-CV-720-WHA
                                               (WO)
JERRY FERRELL, WARDEN, *et al.*,        *

    Respondents.                        *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Duval Jones ["Jones"], on July 28, 2006. In this petition, Jones challenges his conviction for second degree robbery entered against him by the Circuit Court for Covington County, Alabama, on June 18, 2002. The trial court sentenced Jones, as a habitual offender, to a term of 30 years imprisonment. Jones did not file a direct appeal. His conviction, therefore, became final by operation of law on July 30, 2002.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because Jones' conviction became final in July 2002 -- **after** the effective date of the statute of

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Jones filed a Rule 32 petition with the trial court on November 25, 2003. They argue, however, that the petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and applicable case law, it appears that Jones' § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Jones entered a plea of guilty to second degree robbery in the Circuit Court for Covington County, Alabama, on June 18, 2002 and was sentenced to 30 years imprisonment. Jones did not file a direct appeal of his conviction or sentence. Since Jones failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his conviction. By operation of law, Jones' conviction became final on July 30, 2002- forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore,

began to run on this date and ran uninterrupted until the limitation period expired on July 30, 2003. (Doc. No. 10, Exh. A.)

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Jones filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[2] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on November 25, 2003 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259. (Doc. No. 10, Exh. B.)

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Jones filing the instant § 2254

---

[2]Jones filed a Rule 32 petition in state court on November 25, 2003 - 3 months and 26 days § 2244(d)'s one-year period of limitation had expired.

petition. In light of the foregoing, it is

ORDERED that on or before October 23, 2006 Jones shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

DONE, this 3rd day of October, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE