IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DUVAL JONES, #189 486              *

    Petitioner,                    *

    v.                             *          2:06-CV-720-WHA
                                                                      (WO)

JERRY FERRELL, WARDEN, *et al*.,   *

    Respondents.                   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Duval Jones ["Jones"], on July 28, 2006. In this petition, Jones challenges the conviction for second degree robbery entered against him by the Circuit Court for Covington County, Alabama, on June 18, 2002. The trial court sentenced Jones, as a habitual offender, to a term of 30 years' imprisonment. Jones did not file a direct appeal. His conviction, therefore, became final by operation of law on July 30, 2002. (*See Doc. No. 10, Exh. A.*)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. (*Doc. No. 10 at 3-6.*) *See* 28 U.S.C. § 2244(d)(1).[1] Respondents

---

[1]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996. 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run

contend that because Jones' conviction became final in July 2002 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Jones filed a Rule 32 petition with the trial court on November 25, 2003. They argue, however, that the petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the statute of limitations. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

Based on Respondents' argument, the court entered an order advising Jones that he

---

from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 11*.) The order also gave Jones an opportunity to show cause why his petition should not be barred from review by this court. (*Id.*) Jones filed his response on October 13, 2006. (*Doc. No. 12*.) Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## I. DISCUSSION

*A. Statute of Limitations*

Under 28 U.S.C. § 2244(d), the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Jones entered a plea of guilty to second degree robbery in the Circuit Court for Covington County on June 18, 2002. The trial court entered judgment and sentenced Jones to 30 years' imprisonment as a habitual offender. Jones did not file a direct appeal of his conviction or sentence. Since Jones failed to undertake a direct appeal, he could not petition the United States Supreme Court for review of his conviction. By operation of law, Jones' conviction became final on July 30, 2002 -- forty-two days after imposition of sentence, as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date.

*I. Statutory Tolling*

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Jones filed a Rule 32 petition on November 25, 2003,[2] this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[3] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *Tinker*, 255 F.3d at 1333-1335 n.4. It is, therefore, clear that the state post-conviction petition filed by Jones on November 25, 2003 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

   *ii. Equitable Tolling*

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the

---

[2] Jones filed additional Rule 32 petitions on February 8, 2005 and October 31, 2005. (*Doc. No. 10, Exhs. C, D.*)

[3] Jones' November 25, 2003 petition was filed 3 months and 26 days after § 2244(d)'s one-year period of limitation had expired.

application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.* at 1286.

Jones asserts that he is entitled to equitable tolling because he had to exhaust state remedies before he could seek relief under § 2254, and the Rule 32 petition he filed on October 31, 2005 was not denied as untimely. Jones argues, therefore, that the October 31, 2005 petition "put the petition[] within the one year limitation required by the this court." (*Doc. No. 12 at 3*.). It is immaterial, however, for purposes of calculating the federal limitation period that a petitioner's post-conviction petition is timely filed in State court. As noted, even a properly filed Rule 32 petition must be pending during the one-year period of limitation applicable to federal habeas corpus petitions in order to toll the limitation period. Because Jones' post-conviction petitions were filed following the expiration of the limitation period under § 2244(d), they could not toll that period because there was no period remaining to be tolled. *See Webster,* 199 F.3d at 1259; *Tinker*, 255 F.3d at 1333-1335 n.4.

Based on the foregoing analysis, the court concludes that Jones has failed to set forth any credible basis either for equitable or statutory tolling of the limitation period until he filed this cause of action. There is no evidence in the record tending to show that Jones' delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were

5

both beyond his control and unavoidable with the exercise of diligence. Because Jones has failed to set forth the existence of "extraordinary circumstances" which prevented the filing of a timely habeas petition, *see Drew*, 297 F.3d at 1290; *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000), he is not entitled to equitable tolling of the limitation period.

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Duval Jones be DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before October 8, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en*

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 28th day of September, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE